No. 822

INDUSTRIAL COMMISSION v. VAN HORNE

No. 19271. Supreme Court

On motion to certify. Dock. July 15, 1925; 3 Abs. 466.

631. INDUSTRIAL COMMISSION — 1. Has it continuing jurisdiction after an award for compensation has been discontinued because the commission thought injured party amply compensated?

2. Can Commission modify subsequent order of court?

Frank Van Horne was employed by the Cleveland Rubber Mold Mach. & Mfg. Co. and while so engaged he stumbled and fell injuring his left knee. The Company was insured under the Workmen's Compensation Law. Application for compensation was made and the Industrial Commission took jurisdiction of the claim and paid him for nearly two years at the rate of $15.00 per week.

At that time, the commission, after an examination of the claimant, came to the conclusion that the condition he was in was not the result of the injury he received, but was the result of a bone disease with which he had become afflicted, known as osteo arthritis. Compensation was discontinued for that reason.

Van Horne took the case into the Cuyahoga Common Pleas and the jury returned a verdict granting him permanent total compensation at the rate of $12.00 per week for the remainder of his natural life. The Court of Appeals affirmed this judgment.

In the Supreme Court the Commission contends that the verdict is contrary to law, that the construction of 1465-90 GC. is involved as is also the interpretation of the phrase "upon any other jurisdictional ground going to the basis of the claimant's right," contained in said section 1465-90 GC.

It is contended that when the Commission made the finding, in which Van Horne was denied the right to participate further in the state insurance fund, because he had been deemed amply compensated, it is not one from which an appeal may be taken, as it did not go to the basis of his right to participate in the Workmen's Compensation, but related merely to the amount of compensation to be paid for the injuries suffered.

It is claimed that looking to the context of the statute, "jurisdictional ground going to the basis of the claimant's right," is one which would not give the Commission jurisdiction to make an award. This it is claimed, would seem to be the proper construction for the clause, "Upon any other jurisdictional ground going to the basis of the claimant's right," following the provisions to the effect that the right of appeal does not exist except where the defendant is denied the right to continue

to participate in such fund on the ground that the injury was self-inflicted, or the accident did not arise in the course of employment.

It is urged that it is clear from the statute that the Commission has full authority in all cases to determine as to whether or not it has jurisdiction and that its decision is final except in case its final action denies the right to the claimant to participate at all or to continue to participate in the Workmen's Compensation fund on the ground that the injury was self inflicted and did not arise in the cause of employment, or "upon any other jurisdictional ground going to the basis of claimants right."

It is argued that Van Horne therefore had no right to appeal in this case, and if he did have a right to appeal the jurisdiction of the Commission is continuing and they have full order to modify the order of the Common Pleas.

Attorneys—Edward C. Stanton and Guy R. Wheeler for Commission; R. O. Baskin for Van Horne; all of Cleveland.